[Civ. No. 7939. Second Appellate District, Division One.—June 8, 1934.]

FREDERICK AUGUST OTTO SPECHT, Appellant, v. PHILIP T. O'REILLY et al., Respondents.

Robert H. Stelzner for Appellant.

Jas. W. Bell for Respondents.

HAHN, J., *pro tem.*—The action out of which this appeal arises involves a controversy as to the dividing line between adjoining lots owned by plaintiff and defendants. Defendants' lot is situate at the northwesterly corner of Ninth and Kohler Streets, while plaintiff's lot adjoins defendants' property on the west.

Defendants in 1920 built a one-story brick store building, as they believed entirely on their lot, with the westerly wall on their westerly boundary line. Plaintiff alleges in his complaint that this westerly wall is a few inches over on his property. This defendants deny in their answer, and also in their cross-complaint ask that their title to the property on which their building rests be quieted in them. At the close of the trial, defendants asked and were granted permission to amend their cross-complaint so as to make their pleading conform to the proof with regard to the location of this dividing line.

■ Findings and judgment went for defendants on both their answer and cross-complaint, from which plaintiff prosecutes this appeal. Two grounds are urged for a reversal of the judgment. First, that the findings are not sustained by the evidence; second, that the court erred in the construction of the deeds. There is merit in neither point. Plaintiff and defendants each called a licensed surveyor to testify as to the proper location of the dividing line. Plaintiff's surveyor placed this line so that defendants' building projects from 4½ to 8½ inches over on plaintiff's lot. Defendants' surveyor with equal certainty located the line 3½ inches west of the westerly wall of the store, thus placing the entire building on defendants' property.

Defendants' deed described the land conveyed to them by metes and bounds, beginning at a point described as the "southeasterly corner of lot one of John H. Jacobs Subdivision", etc. The call then is for 3.7 feet easterly along the northerly line of Ninth Street to the point of intersection of the northerly line of Ninth Street with the westerly line of Kohler Street.

Defendants' surveyor testified that the distance to the westerly line of Kohler Street along the northerly line of Ninth Street is 7.2 feet from the "southeasterly corner" of lot one, while plaintiff's surveyor gave this distance as 3.7 feet. Accepting the testimony of defendants' surveyor, as the trial court had a right to do, the westerly line of defendants' property was found to be westerly from the west wall of defendants' building.

With regard to the second point, the trial court was justified in construing the defendants' deed as conveying to them all the ground between the easterly boundary of lot one of John H. Jacobs Subdivision, and the westerly boundary line of Kohler Street for a distance of 132.26 feet north of the northerly boundary line of Ninth Street. Section ,2077 of the Code of Civil Procedure provides: "When permanent and visible or ascertained boundaries or monuments are inconsistent with the measurements, either of lines, angles, or surfaces, the boundaries or monuments are paramount."

The westerly line of Kohler Street is designated in the deed to defendants as the easterly boundary of their lot. That line is established. Hence the distance in feet from the starting point to Kohler Street as given in the deed being in conflict with the fact as testified to by defendants' witness, the number of feet as specified in the deed must give way to actual distance as fixed by the street line.

With this conclusion, other matters such as fences discussed in plaintiff's brief become immaterial and hence will not require consideration.

Judgment affirmed.

Houser, Acting P. J., and York, J., concurred.